IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>TARCO SPECIALTY PRODUCTS, INC.,<br><br>    *Defendant*. | Civil No. 6:20-cv-00318-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**DEFENDANT TARCO SPECIALTY PRODUCTS, INC.'S OPPOSED MOTION
TO STAY PENDING *INTER PARTES* REVIEW OF THE '482 PATENT**

**Table of Contents**

Table of Contents ................................................................................................................... ii

Table of Authorities ............................................................................................................. iii

I.    Introduction ..............................................................................................................1

II.   Procedural Background ........................................................................................... 2

      A.    The Status of the District Court Proceedings ..................................................2

      B.    The PTAB's IPR Institution Decisions on the '482 Patent ..............................3

III.  The Case Should Be Stayed Pending Resolution of the '482 Patent IPR ..................... 4

      A.    Legal Standard ............................................................................................... 4

      B.    No Undue Prejudice Will Result From a Stay ................................................. 5

      C.    Issues in and Trial of this Case Will be Simplified by a Stay ..................... 7

IV.   Conclusion ............................................................................................................... 11

# Table of Authorities

*ACTi Corp.*, 2013 WL 6334372, at *8-9 ………………………………………………….. 5, 7

*Arris Sols.*, 2017 WL 4536415, at *2 ……………………………………………………… 6

*Avago Techs. U.S., Inc. v. IPtronics, Inc.*,
2013 U.S. Dist. LEXIS 21223, *8 (N.D. Cal. Feb. 15, 2013) ……………………………….. 6

*Cellular Comm'cs Equip., LLC v. Samsung Elecs. Co., Ltd.*,
No. 6:14-cv-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ......................................... 4

*Coho Licensing LLC v. Glam Media*,
No. C14-01576, 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014) ……………………. 8

*Crossroads Systems, Inc. v. Dot Hill Systems Corp.*,
2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) …………………………………… 5, 7, 8

*Customedia Techs. LLC v. DISH Network, Corp.*,
No. 2:16-cv-129, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) ........................................... 9

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-cv-00140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) .................................... 4, 11

*E-Watch, Inc. v. Lorex Canada, Inc.*,
Civil Action No. H–12–3314, 2013 WL 5425298, at *2 *
(S.D. Tex. Sept. 26, 2013) …………………………………………………………………… 5

*EchoStar Techs. Corp. v. TiVo, Inc.*,
No. 5:05-cv-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ............................................ 4, 9, 10

*Emp't Law Compliance, Inc.*, 2014 WL 3739770, at *2 …………………………………… 6, 7

*Ericsson Inc., et al. v. TCL Commc'n Tech. Holdings, Ltd.*,
No. 2:15-cv-00011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ...................................... 9

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1998) ............................................................................................. 4

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
No. C 13-04302 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014) …………………… 8, 9

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
No. C 13-4202 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) …………………….. 5

*Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119 (Fed. Cir. 1996) ……………………………….. 5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .................................................................................................... 4

*MEC Resources, LLC v. KEMET Electronics Corporation*,
No. 3:18-cv-2771 (N.D. Tex.) ……………………………………………………. 5

*MEC Resources, LLC v. Vishay Americas, Inc.*,
No. 3:18-cv-2770 (N.D. Tex.) ……………………………………………………. 5

*Micrografx, LLC v. Google, Inc.*,
No. 3:13-cv-3595, 2014 WL 12580455 (N.D. Tex. July 9, 2014) ................................. *passim*

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
No. 1:12- 1744-GMS, 2013 WL 3353984, at *4–5 (D. Del. July 2, 2013) …………………. 6

*Network-1 Techs., Inc. v. Hewlett-Packard Co.*,
976 F.3d 1301 (Fed. Cir. 2020) .......................................................................................10

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-CV-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ............................... *passim*

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ..........................................  8, 10

*Regents of Univ. of Minn. v. LSI Corp.*,
Case No. 5:18-cv-00821-EJD, 2018 WL 2183274, at *3
(N.D. Cal. May 11, 2018) …………………………………………………………… 6

*Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*,
No. 14-245 (JNE/JSM), 2014 WL 12600114, at *8 (D. Minn. Oct. 10, 2014) …………… 7

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
No. SACV 12-21-JST(JPRx), 2012 WL 7170593, at *4 (C.D. Cal. 2012) ……………….. 7

*Target Therapeutics, Inc. v. SciMed Life Sys.*, Inc.,
No. C-94-20775 RPA(EAI), 1995 WL 20470, at *2 (N.D. Cal. 1995) ……………………. 8

**I.      Introduction**

Defendant Tarco Specialty Products, Inc. respectfully requests that this case be stayed pending the two *inter partes* review ("IPR") of the '482 patent instituted by the PTAB on February 18, 2021 (IPR2020-01389) and an additional IPR instituted on May 25, 2021 (IPR2021-00192)("GAF IPR"). (Ex. A, Dkt. 39.)

In its decision on IPR2020-01389, the PTAB found a reasonable likelihood of success that *every claim* of the '482 patent will be shown to be unpatentable based on multiple prior art combinations. (Ex. B, *Owens Corning Roofing & Asphalt, LLC v. Kirsch Research and Development, LLC,* IPR2020-01389, Institution Decision, Paper 11). A stay of the '482 patent would therefore result in a simplification of the issues here because the IPR is likely to eliminate at least some, if not all, of the '482 patent's asserted claims. It would waste judicial and party resources to continue litigating claims that are likely to be invalidated at the PTAB. And even if any claims survive IPR, the Court will benefit from the PTAB's analysis of the scope of the '482 patent, the prior art, and the claim terms at issue here.

Kirsch stands to suffer no undue prejudice if the '482 patent were stayed. The patent is expired and therefore Kirsch is only entitled to recover monetary damages should it prevail, a delay of which is insufficient to constitute undue prejudice. Kirsch's own behavior also belies any need for urgency as Kirsch waited several years to bring these various actions and has agreed to numerous deadline extensions in the various cases it filed.

The stage of the litigation supports staying the case, with the bulk of the work remaining to be done by the parties. The parties have only begun written discovery and no depositions have been taken. Opening expert reports are not due until November 5, 2021, and trial is not until next

year. A stay of the '482 patent is therefore warranted pending final written decisions in IPR2020-01389 and IPR2021-00192.

## II.     Procedural Background

### A.     The Status of the District Court Proceedings

On April 24, 2020, Plaintiff Kirsch Research and Development, LLC filed sixteen complaints of patent infringement in district courts across the country.[1] In seven of those cases, including this case against Tarco, only the '482 Patent was asserted. In the remaining nine district court cases, Kirsch alleged infringement of both of U.S. Patent Nos. the '482 Patent and U.S. Patent No. 8,765,251. On that same day, Kirsch also filed the ITC Investigation involving only the '251 Patent and alleging violations of Section 337 of the Tariff Act of 1930 (as amended, 19 U.S.C. § 1337) against eight of the district court defendants, which did not include Tarco. The ITC Investigation was subsequently instituted on June 1, 2020. Kirsch moved to withdraw the Complaint and terminate the ITC Investigation on December 7, 2020. *See* ITC Investigation (Dec. 7, 2020 Unopposed Motion to Withdraw the Complaint and Terminate the Investigation); *see also*

---

[1] The sixteen total cases includes the Complaint in this case. *See* (1) *Kirsch Research and Development, LLC v. Atlas Roofing Corporation*, Case No. 5:20-cv-00055 (EDTX); (2) *Dorken Systems, Inc.*, Case No. 5:20-cv-00056 (EDTX); (3) *DuPont de Nemours, Inc. and E.I. du Pont de Nemours and Company*, Case No. 5:20-cv-00057 (EDTX); (4) *FT Synthetics Inc.*, Case No. 5:20-cv-00058 (EDTX); (5) *CertainTeed Corporation*, Case No. 3:20-cv-01024 (NDTX); (6) *Continental Materials, Inc.*, Case No. 3:20-cv-01025 (NDTX); (7) *GAF Corporation*, Case No.3:20-cv-01028 (NDTX); (8) *Intertape Polymer Corp.*, Case No. 3:20-cv-01029 (NDTX); (9) *TAMKO Building Products LLC*, Case No. 3:20-cv-01030 (NDTX); (10) *Epilay, Inc.*, Case No. 2:20-cv-03773 (CDCAL); (11) *BlueLinx Corporation*, Case No. 6:20-cv-00316 (WDTX); (12) *KO Industries, Inc. and IKO Industries Ltd*, Case No. 6:20-cv-00317 (WDTX); (13) *IKO Industries, Inc.*, Case No. 6:20-cv-00317 (WDTX); (14) *Underlayment Specialties Plus, LLC*, Case No. 2:20-cv-02023 (EDPA); (15) *Owens Corning, Owens Corning Roofing & Asphalt, LLC, and InterWrap Corp.*, Case No. 5:20-cv-00901 (NDOH); (16) *System Components Corporation*, Case No. 5:20-cv-00903 (NDOH).

*Kirsch Rsch. And Dev. v. DuPont de Nemours, Inc*., No. 5:20-CV-00057-RWS (E.D. Tex., Dec. 7, 2020).

### B. The PTAB's IPR Institution Decisions on the '482 Patent

On February 18, 2021, the PTAB instituted an IPR on all 34 claims of the '482 patent in IPR2020-01389, brought by Owens Corning Roofing & Asphalt, LLC ("OC"). (Dkt. No. 39, Exhibit A.) In its decision, the PTAB found that OC had demonstrated a reasonable likelihood of prevailing in showing the unpatentability of *all 34 of the '482 patent's claims*. (Exhibit B, *Owens Corning Roofing & Asphalt, LLC v. Kirsch Research and Development, LLC,* IPR2020-01389, Institution Decision, Paper 11 (P.T.A.B. Feb. 18, 2021) at 23-38.) The PTAB was also persuaded that OC had shown a reasonable likelihood of succeeding *on every one of its 10 asserted grounds*, which include *both anticipation and obviousness theories*, and *10 different combinations of prior art*. (*Id.*) The Final Written Decision in that IPR is due by February 18, 2022.

Additionally, the PTAB instituted a second IPR ("GAF IPR") challenging all claims of the '482 Patent on May 25, 2021. (Ex. C, GAF Materials LLC v. Kirsch Research and Development, LLC, IPR2021-00192, Institution Decision, Paper 14 (P.T.A.B. May 25, 2021).) In its decision instituting the GAF IPR, the PTAB analyzed each of the grounds asserted by Petitioner GAF against every claim of the '482 Patent and found that GAF had demonstrated a reasonable likelihood that it will prevail in showing the unpatentability of every claim of the '482 Patent on each ground asserted. (*Id*.) GAF's Petition was based on different grounds than those asserted by Petitioner Owens Corning in the previously instituted IPR ("Owens Corning IPR"). (Compare *id*. at 8 with Ex. B, Owens Corning Roofing & Asphalt, LLC v. Kirsch Research and Development, LLC, IPR2020-01389, Institution Decision, Paper 11 (P.T.A.B. Feb. 18, 2021) at 8.) In instituting the Owens Corning IPR, the Board had likewise analyzed each of the wholly separate grounds

3

asserted there and found that Petitioner Owens Corning had demonstrated a reasonable likelihood that it will prevail in showing the unpatentability of every claim of the '482 Patent on all asserted grounds.

### III. The Case Should Be Stayed Pending Resolution of the Two '482 Patent IPRs

#### A. Legal Standard

A district court has the inherent power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998). In deciding whether to grant a stay pending an IPR, courts consider: (1) whether the stay will likely result in simplifying the case; (2) whether the stay will unduly prejudice the nonmoving party; and (3) whether the proceedings before the court have reached an advanced stage." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

"Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-cv-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006). A stay is apt if "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, at *1. Thus, "after the PTAB has instituted review proceedings, the district court litigation ordinarily should be stayed." *Id.*, at *7; *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140, 2019 WL 11023976, at *3 (E.D. Tex. Feb. 14, 2019) (noting the "liberal policy" in favor of "stays pending IPR proceedings"); *Cellular Comm'cs Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-cv-759, 2015 WL 11143485, at *3 (E.D. Tex. Dec. 16, 2015) ("courts have been nearly uniform in granting motions to stay when the PTAB instituted *inter partes* review").

## B. No Undue Prejudice Will Result From a Stay

Granting the requested stay will not prejudice Kirsch. Kirsch cannot allege prejudice based on delay for multiple reasons. As an initial matter, it is well-settled that delay caused by the IPR process, without more, does not justify denying a stay.[2] In any event, any delay arising from a stay would be reasonable, particularly in view of the benefits that would arise from PTAB review.

Moreover, because the '482 Patent expired prior to the filing of the Complaint, Kirsch is limited to monetary damages within a fixed time frame. Courts have consistently found that the delay of potential monetary relief is not unduly prejudicial. *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice.") (Sparks, J.); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) (granting pre-institution stay, noting "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement") (quotation omitted); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1119 (Fed. Cir. 1996) ("When the patentee does not seek to make and sell the invention, lost profits are not an appropriate measure of damages."). Courts have regularly found no undue prejudice and granted motions to stay pending IPR institution in similar circumstances. *See, e.g.*, *MEC Resources, LLC v. KEMET Electronics Corporation*, No. 3:18-cv-2771 (N.D. Tex.) Dkt. No. 22 (May 6, 2019 Order granting stay in view of IPR); *MEC Resources, LLC v. Vishay Americas, Inc.*, No. 3:18-cv-2770 (N.D. Tex.)

---

[2] *See ACTi Corp.*, 2013 WL 6334372, at *8-9 ("[T]he mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay."); *Micrografx*, 2014 WL 12580455, at *1 (citing *E-Watch, Inc. v. Lorex Canada, Inc.*, Civil Action No. H–12–3314, 2013 WL 5425298, at *2 *(S.D. Tex. Sept. 26, 2013)). Indeed, "inter partes review was designed to create efficiencies and 'proceed in a timely fashion.'" *Micrografx*, 2014 WL 12580455, at *1 (quoting *Lorex*, 2013 WL 5425298, at *2).

Dkt. No. 25 (May 6, 2019 Order granting stay in view of IPR); *Micrografx, LLC v. Google, Inc.*, No. 3:13-cv-3595-N, 2014 WL 12580455, at *2 (N.D. Tex. July 9, 2014) ("[Plaintiff] does not seek injunctive relief and does not practice the patents-in-suit."); *Emp't Law Compliance, Inc.*, 2014 WL 3739770, at *2 (Plaintiff "fail[ed] to show that the parties are direct competitors or how it would be adversely affected by a stay."); *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 1:12- 1744-GMS, 2013 WL 3353984, at *4–5 (D. Del. July 2, 2013) (granting pre-institution stay even when parties were indirect competitors).

Finally, any purported undue prejudice or disadvantage to Kirsch results solely from its own actions. It was Kirsch's decision to wait until *after* the '482 Patent expired to file this action against Tarco, despite the fact that the sole inventor and Kirsch's founder assigned the '482 patent to Kirsch eleven years earlier in 2009. Kirsch cannot therefore reasonably claim that a stay would result in undue prejudice or disadvantage stemming from witnesses or evidence being less readily available or from memories fading during the course of the stay, as such loss has likely already occurred during Kirsch's eleven-year delay in filing this case. *See, Regents of Univ. of Minn. v. LSI Corp.*, Case No. 5:18-cv-00821-EJD, 2018 WL 2183274, at *3 (N.D. Cal. May 11, 2018); *Arris Sols.*, 2017 WL 4536415, at *2. Any risk of additional loss of evidence during the stay is unlikely and would in any event be a result of Kirsch's own actions. In fact, courts in similar circumstances have found that a stay of the entire action would not prejudice the plaintiff and was warranted. *See, e.g., Avago Techs. U.S., Inc. v. IPtronics, Inc.*, 2013 U.S. Dist. LEXIS 21223, *8 (N.D. Cal. Feb. 15, 2013) (granting stay based in part on finding that any prejudice was "minimal and largely of Plaintiff's own making").

### C.    Issues in and Trial of this Case Will be Simplified by a Stay

Denying a stay in this case may lead to inconsistent results across multiple proceedings, including possibly conflicting invalidity determinations and inconsistent claim constructions of claim terms. Indeed, the need for avoiding such conflicts was an important factor in the stays granted in the three co-pending district court cases alleging infringement of the '482 Patent.[3] The risk of inconsistent invalidity determinations and claim construction findings is further compounded by the pending '482 IPR.

Many of the issues before the Court will likely be simplified upon resolution of the pending IPR proceedings involving the asserted '482 Patent. Whether an IPR proceeding will result in simplification of the issues before the Court is "the most important factor" when evaluating a motion to stay pending IPR. *NFC Techs.*, 2015 WL 1069111, at *4. As similarly situated courts have observed in comparable cases, "if the USPTO invalidates any of the . . . patents-in-suit at issue or changes the scope and terms of any claim, the matters at issue in this Court will change," and "[i]f the USPTO declines IPR regarding the [] patents-in-suit at issue in [the IPR petitions], little time will be lost before the stay is lifted." *ACTi Corp.*, 2013 WL 6334372, at *7 (finding that a stay was appropriate based on IPR petitions even when the defendant would not have been subject to IPR estoppel); *Crossroads Systems*, 2015 WL 3773014, at *3 ("If, for example, the PTAB were to determine the claims were invalid, the case could effectively be over.").[4]

---

[3] *See Kirsch v. Owens Corning Roofing & Asphalt, LLC, and Interwrap Corp.,* Case No. 1:20-cv-00901 (NDOH) at Dkt. No. 25 (August 10, 2020 Order granting stay); *Kirsch v. System Components Corporation*, Case No. 5:20-cv-00903 (NDOH) at Dkt. No. 23 (Aug. 10, 2020 Order granting stay as to the '482 and '251 Patents); *Kirsch v. Epilay, Inc.*, Case No. 2:20-cv-03773 (CDCAL) at Dkt. No. 26 (Aug. 4, 2020 Order granting stay as to the '482 and '251 Patents).

[4] *See also Emp't Law Compliance v. Compli, Inc.*, No. 3:13-cv-3574-N, 2014 WL 3739770, at *2 (N.D. Tex. May 27, 2014); *Micrografx, LLC v. Google, Inc.*, No. 3:13-cv-3595-N, 2014 WL 12580455, at *2 (N.D. Tex. July 9, 2014); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST(JPRx), 2012 WL 7170593, at *4 (C.D. Cal. 2012) ("Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are

A stay would also simplify prior-art related discovery, trial, and any dispositive briefing on invalidity. *See Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Staying the litigation pending the PTAB's determination of the validity of all the asserted claims of the three patents-in-suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal."). Furthermore, the PTAB's initial decision will provide claim construction analysis to supplement the existing intrinsic record that this Court could ultimately consider in deciding claim construction and validity. *See Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04302 WHA, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014) (noting that the IPR record "may also clarify claim construction positions for the parties, raise estoppel issues, and encourage settlement."); *see also Lorex*, 2013 WL 5425298, at *2 (In issuing a pre-institution IPR stay, the court considers the potential for "simplification of the issues," not "total resolution of the case.").

Not granting the stay would have the opposite effect, however, potentially complicating the issues in the case. When an IPR petition is pending, "[a]s the Court has stated before, [p]roceeding to trial could therefore prove to be extraordinarily wasteful of both the parties' resources and the Court's resources." *Crossroads Systems*, 2015 WL 3773014, at *3 (internal quotations and citations omitted); *see also Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, No. 14-245 (JNE/JSM), 2014 WL 12600114, at *8 (D. Minn. Oct. 10, 2014) ("not granting a stay could result in the parties and Court wasting significant time and resources."); *Coho Licensing LLC v. Glam Media*, No. C14-01576, 2014 WL 4681699, at *2 (N.D. Cal. Sept. 17, 2014) ("A stay may also be granted in order to . . . avoid needless waste of judicial resources."). There is "little" if any

---

cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the USPTO and clarifying the scope of the claims.") (quoting *Target Therapeutics, Inc. v. SciMed Life Sys.*, Inc., No. C-94-20775 RPA(EAI), 1995 WL 20470, at *2 (N.D. Cal. 1995)).

benefit to litigating validity in district court while the same issues are being litigated before the PTAB. *See Evolutionary Intelligence*, 2014 WL 93954, at *3 ("There is also little benefit to be gained from having two forums review the validity of the same claims at the same time.").

In its IPR institution decision regarding the '482 patent, the PTAB found a reasonable likelihood that *every claim of the '482 patent would be proven unpatentable*. (Exhibit B at 23-38.) It was not persuaded by Kirsch's arguments regarding *any of the '482 patent's claims*. (*Id.*) Thus, the IPR is not only likely "to assist the court in determining patent validity" with respect to the '482 patent, but it is likely to "eliminate the need to try infringement issues" on that patent altogether, and therefore a "stay is particularly justified." *See NFC Tech.*, at *1. It would therefore "be an egregious waste of both the parties' and the Court's resources" if discovery, depositions, expert discovery, dispositive motions, trial preparations, and trial on the '482 patent "went forward and the claims were subsequently declared invalid …" *EchoStar*, at *4; *Customedia Techs. LLC v. DISH Network, Corp.*, No. 2:16-cv-129, 2017 WL 3836123, at *2 (E.D. Tex. Aug. 9, 2017) (benefits of a stay "outweighed" any "potential costs, delay, or prejudice" even though the Board did not institute IPR as to one of the asserted claims).

Further, any statements made by Kirsch in the IPR will be part of the intrinsic record and staying the case will allow the parties and the Court to consider those statements during claim construction. *Ericsson Inc., et al. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2016 WL 1162162, at *3 (E.D. Tex. Mar. 23, 2016) (granting stay and noting "the claim construction positions taken by the parties before the PTAB may inform subsequent claim construction proceedings in this Court.").

Staying the '482 patent will also prevent duplicative and potentially inconsistent claim construction efforts. The PTAB, which now uses the same claim construction standard as the

district court, has made clear that construction of at least one term that is also at issue here ("extrusion lamination") will be necessary. (*See* Exhibit B at 15-16 ("certain of Patent Owner's arguments … appear to present an issue of claim construction, undeveloped on the present record, with respect to the term 'extrusion lamination'" and "[t]he parties should address this term, in accordance with our Rules, during trial to the extent they believe it necessary"); Exhibit C at 19-22 (identifying "extrusion lamination" as requiring construction in the parties' Local Patent Rule 4-3 Joint Claim Construction Chart regarding the '482 patent).) Thus, if the case is stayed, the Court will have the benefit of Kirsch's statements that will become part of the intrinsic record, as well as the PTAB's analysis of those statements and its claim constructions.

Furthermore, as Kirsch is likely to raise the issue of estoppel in the context of the simplification of issues, Defendant Tarco is willing to be estopped by any Final Written Decision entered in the instituted OC IPR to the same extent to which they would have been estopped had they joined in OC's IPR in the manner explained by the Federal Circuit in *Network-1 Techs., Inc. v. Hewlett-Packard Co.*. 976 F.3d 1301, 1313 (Fed. Cir. 2020) (a party joining in an IPR is not statutorily estopped from raising invalidity grounds other than those that were actually instituted). Namely, Defendants agree to be estopped with respect to any grounds decided in the Final Written Decision in OC's IPR. *Id.* A stay of the '482 patent pending the OC IPR would therefore simplify numerous issues regarding the '482 patent and eliminate others. *See e.g.*, *Norman IP*, at *3 (finding that defendant's agreement "to be estopped from asserting invalidity contentions raised and adjudicated in the [non-party] IPR proceedings, further simplifies the issues in the present litigation"); *EchoStar*, at *2 (benefits of a completed reexamination include: prior art considered by the PTO; discovery problems potentially alleviated; dismissal of the suit or encouragement to settle; reduction in complexity and length of litigation; issues, defenses, and evidence narrowed;

and reduction of costs); *CyWee*, at *8 ("it does not matter whether [defendant] has raised—or can raise—the same prior art references that are raised in the IPR proceeding" because "[i]f the PTAB holds that the claims at issue in the IPR are invalid, the result will be that those claims will be canceled, and they will not be available to [plaintiff] in … litigation").

The issue simplification and judicial efficiencies described above will substantially reduce the burdens on the Court and the parties in the event that any litigation after the stay is necessary. For the parties, there will be no need to litigate in parallel the validity of the '482 Patent both in this Court and in the PTAB. The parties and the Court may avoid wasting resources on claims that the PTAB eventually invalidates or that the patent owner may amend through that process.

### IV.   CONCLUSION

For the reasons set forth above, Tarco respectfully requests that this Court stay the case in view of the pending the '482 IPRs.

Dated: September 27, 2021                         Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ M. Jason Spivey*
**M. JASON SPIVEY**
State Bar No. 24051369
spivey@mdjwlaw.com
**MARK J. DYER**
State Bar No. 06317500
dyer@mdjwlaw.com
**RYAN K. GEDDIE**
State Bar No. 24055541
geddie@mdjwlaw.com
9111 Cypress Waters Blvd., Ste. 250
Dallas, Texas 75019
214-420-5500
214-420-5501 (fax)

**DEREK GILLILAND**
State Bar No. 24007239
**SOREY & GILLILAND, LLP**
133 E. Tyler
Longview, Texas 75601
903-230-5600
903-230-5656 (fax)
derek@soreylaw.com

**ATTORNEYS FOR DEFENDANT
TARCO SPECIALTY PRODUCTS, INC.**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been e-served to all attorneys of record, in compliance with the FEDERAL RULES OF CIVIL PROCEDURE, on this the 27th day of September 2021.

Elizabeth L. DeRieux
Capshaw DeRieux, LLP
RUSS, AUGUST & KABAT
114 E. Commerce Ave.
Gladewater, TX 75647

Marc A. Fenster (CA Bar No. 181067)
Benjamin T. Wang (CA Bar No. 228712)
Amy E. Hayden (CA Bar No. 287026)
Theresa M. Troupson (CA Bar No. 301215)
Jonathan Ma (CA Bar No. 312773)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025

Matthew D. Aichele
RUSS AUGUST & KABAT
800 Main Avenue, SW, Suite 200
Washington, DC 20024

K. Andrew Kent (CA Bar No. 130097)
RINCON VENTURE LAW GROUP
2801 Townsgate Road, Suite 200
Westlake Village, CA 91361

*/s/M. Jason Spivey*
**M. JASON SPIVEY**
