**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **KIRSCH RESEARCH AND DEVELOPMENT, LLC,**<br>           **Plaintiff,**<br><br>      *v.*<br><br>**TARCO SPECIALTY PRODUCTS, INC.,**<br>           **Defendant.** | **6:20-cv-00318-ADA** |

**ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL OF
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P 12(b)(6) FOR FAILURE TO STATE A CLAIM [ECF No. 28]**

Came on for consideration this date is Defendant Tarco Specialty Products, Inc.'s Motion

for Dismissal of Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) for

Failure to State a Claim. ECF No. 28. Kirsch Research and Development, LLC ("Plaintiff") filed

a response to the Motion on October 1, 2020, ECF No. 29, to which Tarco Speciality Products,

Inc. ("Defendant") replied on October 6, 2020, ECF No. 30. The Court held a hearing on the

Motion on September 28, 2021. ECF No. 59. After careful consideration of the Motion, the Parties'

briefs, and the applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART**

Defendants' Motion to Dismiss.

## I. LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true,

to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility

standard, the plaintiff must plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged," based on "more than a sheer

possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc*., 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 769.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc*., 136 S. Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its

conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

## II. ANALYSIS

### A.      Direct Infringement

Defendant's argument that Plaintiff failed to plead direct infringement is premised on the entire preamble being limiting. ECF No. 28 at 18–21. The Court's claim construction order rejected that premise. ECF No. 58 at 3. Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's direct infringement claim.

### B.      Induced and Willful Infringement

Plaintiff's indirect and willful infringement claims are deficient in their failure to adequately plead Defendant's pre-expiration knowledge of the '482 patent.

#### 1.      Allegations of Defendant's Knowledge of the '482 Patent

In pleading Defendant's knowledge of the '482 patent, Plaintiff's First Amended Complaint, ECF No. 19 ("FAC"), recites four primary sets of allegations:

1. Kirsch and IKO are direct competitors in a relatively small market. FAC ¶¶ 38–39.

2. Kirsch attends several trade shows a year, including trade shows IKO attended. FAC ¶¶ 40, 42, 45.

3. Kirsch products are well-known in the market and marked with the '482 patent number. FAC ¶¶ 37, 39.

4. A representative for Kirsch had at least one discussion with Defendant's owner ad stated that Kirsch's products were patented. FAC ¶ 46.

*See* ECF No. 29 at 3–4.

As to the first three sets of allegations, the Court refuses to find that a vendor's attendance at a trade show raises a reasonable inference that the vendor has knowledge of every other

3

attending vendors' patents, even if other vendors' products are "well-known" and marked. That is facially implausible. Mere attendance, without more, is simply not enough. Plaintiff's allegation that Defendants learned of the '482 patent because it is "customary practice to visit each other's booths and obtain information about the competing products," FAC ¶ 44, fails for the same reason and also because it is speculative. *Cf. Twombly*, 550 U.S. at 555 (factual allegations suffice if they rise above "the speculative level").

The fourth set of allegations present a marginally closer question that nevertheless fail in "nudg[ing] [the] claims across the line from conceivable to plausible." *Id.* at 570. The FAC recites: "Finally, Mr. Strait, on behalf of Kirsch, and Defendant's owner (an attorney) have had at least one discussion. During this discussion, Mr. Strait informed Defendant's owner that Kirsch's products were patented." FAC ¶ 46. Even if the Court inferred from this statement that Defendant knew of the existence of Kirsch's patent portfolio, "[m]ultiple district courts, post-*Halo*, have held that . . . general knowledge of a patent portfolio without more . . . is [insufficient] even to plausibly allege knowledge of a particular asserted patent. *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 608 (D. Mass. 2018) (collecting cases). This Court agrees, especially in the circumstances here, where the FAC is vague as to the nature and content of the alleged conversation between Mr. Strait and Defendant's owner.

### 2. Allegations of Defendant's Willful Blindness

A plaintiff who relies on willful blindness to plead knowledge must identify in its complaint affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal. *Script Security Solutions LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d. 928, 937-38 (E.D. Tex. 2016); *see also Global-Tech*, 563 U.S. at 769–71. The FAC merely recites: "Defendant has been willfully blind to its infringement of the '482 Patent by, for example, ignoring

the patent markings on both Kirsch's practicing products and its literature." FAC ¶ 49. This is simply not enough. Plaintiff invites this Court to hold, in effect, that so long as a Complaint pleads Plaintiff's compliance with the marking statute, 35 U.S.C. § 287(a), a Defendant without actual knowledge has been willfully blind to the existence of the asserted patents. The Court declines the invitation.

Because the FAC does not plead sufficient facts that would support an allegation of pre-expiration knowledge, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's induced and willful infringement claims. Yet, recognizing that Plaintiff may not have been able to allege pre-expiration knowledge without fact discovery, the Court, in accordance with its usual practice, permits Plaintiff to amend its Complaint after the start of fact discovery to include pre-expiration induced and willful infringement claims if able to elicit sufficient facts to support such allegations. *See, e.g., Parus Holdings Inc. v. Apple Inc*., No. 6:19-cv-00432-ADA, Dkt. 101 (W.D. Tex. Jan. 31, 2020); *Castlemorton Wireless, LLC, v. Comcast Corp. et al.*, No. 6:20-cv-00034-ADA, Minute Entry Granting Motion to Dismiss (July 25, 2020) (text order only).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART and DENIES-IN-PART** Defendant's Motion for Dismissal of Plaintiff's First Amended Complaint. The Court **DENIES** Defendant's motion to dismiss Plaintiff's direct infringement claim. But the Court **GRANTS** Defendant's motion to dismiss Plaintiff's induced infringement and willful infringement claims. Plaintiff is permitted, however, to amend its Complaint and re-plead indirect and willful infringement claims if it is able to elicit sufficient facts during fact discovery to support such allegations.

SIGNED this 4th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE