**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **KIRSCH RESEARCH AND DEVELOPMENT, LLC,** Plaintiff, *v.* **TARCO SPECIALTY PRODUCTS, INC.,** Defendant. | **6:20-cv-00318-ADA** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S OPPOSED MOTION TO STAY PENDING *INTER PARTES***
**REVIEW OF THE '482 PATENT [ECF No. 57]**

Came on for consideration this date is Defendant's Opposed Motion to Stay Pending *Inter Partes* Review of the '482 Patent (the "Motion"). ECF No. 57. Kirsch Research and Development, LLC ("Plaintiff" or "Kirsch") has not filed an opposition. In a related suit in this Court, involving the same asserted patent, the defendants, IKO Industries, Inc. and IKO Industries Ltd. (collectively, "IKO"), filed a substantially similar motion to stay pending resolution of the same *inter partes* review proceedings at issue here. *See* Motion to Stay Pending Resolution of the Related ITC Proceeding and/or *Inter Partes* Review of the Patent-in-Suit, *Kirsch Rsch. & Dev., LLC v. IKO Industries, Inc.*, No. 6:20-cv-00317, ECF No. 22 (W.D. Tex. Sept. 17, 2020). During a joint status conference (the "JSC") held September 28, 2021, Kirsch's counsel stated:

> Frankly, I think that [this Motion to stay] should be resolved in the same way that the Court resolves IKO's pending IPR motion to stay, and so we would be fine, you know, directing argument to IKO's motion to stay and having the same result for Tarco's one that they just filed . . . yesterday.

Provided that, the Court finds that, because IKO's motion to stay has been fully briefed and is ripe for resolution, so too is Tarco Specialty Products, Inc.'s ("Tarco" or "Defendant") motion to stay. After careful consideration of the Motion, the Parties' arguments, and the

applicable law, the Court **GRANTS** Defendant's Opposed Motion to Stay Pending *Inter Partes* Review of the '482 Patent.

## I. BACKGROUND

Kirsch filed this action on April 24, 2020, accusing IKO of infringing U.S. Patent No. 6,308,482 ("the '482 patent"). ECF No. 1 ¶ 3. That same day, Kirsch filed fifteen other complaints for patent infringement in various district courts throughout the country asserting the '482 patent. *See* ECF No. 57 at 2 & n.1.

On February 18, 2021, the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") instituted *inter partes* review ("IPR") of the '482 patent based on a petition filed by a defendant in another Kirsch suit, Owens Corning Roofing & Asphalt, LLC. ECF No. 57 at 3. On April 28, 2021, this Court held a *Markman* hearing on disputed claim terms, *see* ECF Nos. 45, 46, and later issued a claim construction order, ECF No. 58. On May 25, 2021, the PTAB instituted another IPR against the '482 patent, this time based on a petition from GAF Materials, Inc. ECF No. 57 at 3. And two additional IPR petitions were filed against the '482 patent on June 24, 2021. ECF No. 66 at 3. The PTAB is expected to issue final written decisions ("FWDs") in the Owens Corning and GAF Materials IPRs in February and May 2022, respectively.

Defendant filed this Motion on September 27, 2021. ECF No. 57.

## II. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019)

(citation omitted). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing, *inter alia, Gould v. Control Laser Corp*., 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc*., No. 5:13-CV-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). But "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs.*, 2015 WL 1069111, at *2; *see also CyWee Grp. Ltd. v. Samsung Elecs. Co*., No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. ANALYSIS

#### A.    Undue Prejudice to the Non-moving Party

A stay would unduly prejudice Plaintiff for at least two reasons. First, a stay risks the loss of testimonial and documentary evidence potentially valuable to Plaintiff's case. *Allvoice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of 10 months would "create a substantial delay that could

cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009) (finding that an "unavoidable risk" of loss of evidence is greater where such evidence is in the hands of third-party suppliers").

Second, "[a] patent holder has an interest in the timely enforcement of its patent right," even when the patent holder has only sought monetary relief. *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015) (citations omitted); *see also Intellectual Ventures I LLC v. T Mobile USA, Inc., et al*., No. 2:17-cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive.").

Yet the weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery. *See, e.g.*, *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice."). This factor favors denying a stay.

**B.     Stage of Proceedings**

If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595–96 (2014) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031-32 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant

resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion.").

The early stages of this case are long behind us. The *Markman* hearing occurred April 28, 2021, *see* ECF Nos. 45, 46, at which all but two disputed terms were finally construed. And fact discovery closes this month. *See* ECF No. 34. That said, "[t]he parties have only begun written discovery and no deposition have been taken." ECF No. 57 at 1. This factor favors denying a stay.

### C.    Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *NFC Tech.*, 2015 WL 1069111 at *4.

It is undoubtedly true that, were the PTAB to invalidate the '482 patent via the Owens Corning IPR, and were the Federal Circuit uphold that decision on any potential appeal, this case would be simplified. And the PTAB, having instituted that IPR, has concluded that there is a reasonable likelihood that the '482 patent's claims are invalid. Yet, for this factor to favor a stay, "Defendants must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 U.S. Dist. LEXIS 152302, at *10 (E.D. Tex. June 7, 2021). Kirsch's amended complaint only specifically identifies claims 1 and 2 as being infringed. ECF No. 19 ¶¶ 48–54. The PTAB's institution decision in the Owens Corning IPR explicitly found there was a reasonable likelihood of invalidating claims 1 and 2 on at least two grounds each. *See* Institution Decision, *Owens Corning Roofing & Asphalt LLC v. Kirsch Rsch. & Dev., LLC*, IPR2020-01389, Paper 11 (P.T.A.B. Feb. 18, 2021). The PTAB's institution decision in the GAF Materials IPR explicitly found there was a reasonable likelihood of invalidating claims 1 and 2 on at least two *additional* grounds each. *See* Institution Decision, *GAF Materials LLC v. Kirsch Rsch. & Dev., LLC*,

IPR2021-00192, Paper 14 (P.T.A.B. May 25, 2021). "The PTAB has, in essence, indicated that the asserted claims are likely unpatentable." *Scorpcast*, 2021 U.S. Dist. LEXIS 152302, at *11. Tarco has, therefore, met its burden.

Yet how strongly the instituted IPR favors stay may be diminished by the scope of estoppel Defendant would accept. On October 4, 2021, Tarco confirmed via email that, as a condition for granting this Motion, Tarco would agree to be estopped under the full scope of § 315(e), as if it was the petitioner in the Owens Corning and GAF Materials IPRs. The Court, therefore, finds this factor favors a stay.

## IV. CONCLUSION

The Court finds that, in this case, the simplification-of-issues factor overwhelms the other two factors. Though this case is in an advanced stage, the PTAB will issue a FWD in the Owens Corning IPR before this case makes it to trial. The Court finds that, given the number of grounds that PTAB instituted IPR upon, there is a good chance the PTAB will invalidate the '482 patent, rendering continued litigation of this case wasteful. For the foregoing reasons, the Court will exercise its discretion to institute a stay pending resolution of both the Owens Corning and GAF Materials IPRs. It is therefore **ORDERED** that Defendant's Opposed Motion to Stay Pending *Inter Partes* Review of the '482 Patent is **GRANTED**. The Parties are further ordered to give notice to this Court when the PTAB issues FWDs in the Owens Corning and GAF Materials IPRs and if those FWDs are appealed to the Federal Circuit.

SIGNED this 4th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE